UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:25-cv-00689-TDS-LPA

| | |
|---|---|
| SOUTH ATLANTIC PACKAGING CORPORATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HICKORY FARMS, LLC, <br><br> Defendant. | MOTION TO DISMISS |

Defendant Hickory Farms, LLC respectfully moves the Court to dismiss Plaintiff South Atlantic Packaging Corporation, LLC ("SAP")'s Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Hickory Farms respectfully shows the Court the following:

1. Plaintiff SAP filed its Complaint in state court on June 18, 2025, asserting one count alleging both breach of contract and promissory estoppel, and one count alleging both unjust enrichment and quantum meruit. (D.E. 5.) Hickory Farms removed the case to this Court on July 30, on the basis of diversity jurisdiction. (D.E. 1.)

2. SAP seeks $106,021 in alleged unpaid charges for work performed under a valid, integrated Contract Packaging Agreement. SAP did not attach a copy of the Packaging Agreement to its Complaint. Hickory Farms does so here (as **Exhibit A**), and the Court may consider it at the pleadings stage because it is integral to and explicitly relied on in the Complaint. *See Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 819 (S.D.W. Va. 2014).

3. SAP's Complaint fails to state a claim upon which relief can be granted. The Packaging Agreement contains a merger clause, a severability clause, a choice-of-law clause selecting Delaware law, and an inclusive, "all-in" pricing term. The Agreement's plain language vitiates SAP's breach of contract claim because SAP's allegations show it accepted the contract's terms—including the work requirements it proposed—but now seeks additional payment based on higher than expected costs. The Packaging Agreement's merger clause forecloses SAP's reliance on parol evidence and any theory that some other, separate contract exists between the parties.

4. SAP's promissory estoppel theory fails because North Carolina law does not recognize promissory estoppel as an affirmative cause of action.

5. SAP's quantum meruit and unjust enrichment theories asserted in Count II fail as a matter of law because a valid, integrated contract exists, meaning that quasi-contract theories are unavailable. SAP's alternative theory that the Packaging Agreement is not a valid contract fails because the face of the Packaging Agreement shows that it meets the elements for a valid contract under Delaware law.

6. Pursuant to the Court's Standing Order 40 and the Clerk of Court's July 31, 2025 Text Order, counsel for Hickory Farms conferred with counsel for SAP by phone on August 26, 2025, regarding this motion to dismiss to determine whether there are issues that could be resolved or narrowed by the filing of an amended complaint. The parties could not come to an agreement regarding whether any such issues could be resolved or narrowed through an amended complaint. The parties did agree that this motion and supporting

documents could be filed on the public docket, notwithstanding the Packaging Agreement's confidentiality provision.

7. In further support of this motion, Defendant files the accompanying Memorandum of Law.

**Wherefore**, for the reasons set forth above and in the accompanying Memorandum of Law, Defendant respectfully requests that the Court grant its motion, dismiss Plaintiff's Complaint with prejudice, and award Defendant any other relief that the Court deems just and proper.

This 27th day of August 2025.

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Elizabeth E. Babbitt (by special appearance)
Benjamin S. Morrell (NC Bar No. 56676)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
ebabbitt@taftlaw.com
bmorrell@taftlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via email to:

Clint S. Morse
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
PO Box 26000
Greensboro, NC 27420
Telephone: 336-271-3167
Facsimile: 336-232-9167
cmorse@brookspierce.com
*Counsel for Plaintiff*

This 27th day of August 2025.

/s/ *Benjamin S. Morrell*