UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:25-CV-00689-LPA

| | |
|---|---|
| SOUTH ATLANTIC PACKAGING CORPORATION, LLC,<br><br>                Plaintiffs,<br>v.<br><br>HICKORY FARMS, LLC,<br><br>                Defendant. | **Response in Opposition to Motion to Dismiss** |

## I. FACTUAL ALLEGATIONS

### A. <u>SAP did the work and is entitled to payment</u>

As alleged in the Complaint, South Atlantic Packaging Corporation, LLC ("SAP") did everything Hickory Farms, LLC ("Hickory Farms") asked and is entitled to be compensated for its work. This case concerns the packing and shipment of Hickory Farm's popcorn tins to Walmart. Complaint ¶ 6. In April 2024, SAP agreed to pack and ship for Hickory Farms pursuant to undefined and indeterminate "Customer Specific Requirements." *Id.* ¶ 12.

Months later, on August 13, 2024, Hickory Farms told SAP to ship the tins like this:

*Id.* ¶ 13.

This stacked, unbundled tower design would never work. *Id.* ¶ 14. There is nothing holding the towers together and the tins would bounce all over the trailer when trucked to Walmarts. *Id.* Due to the obvious design flaw, SAP told Hickory Farms that it would cost significantly more to pack and ship the tins in this configuration due to the large amount of wrapping and airbags that would be required to keep the tins upright during shipment. *Id.* ¶ 15. In response, Hickory Farms said to keep working and shipping and that the parties would settle any overages at the end of the year. *Id.* ¶ 17.

After SAP did what it could to save the project and got the tins to the Walmarts, Hickory Farms refused to pay what it promised. It now owes SAP over $100,000.00. *Id.* ¶¶ 17-20.

These allegations support a plausible claim for breach of contract (Count I), if the oral agreement to settle overages at the end of the year is an enforceable contract. Alternatively, if there was no binding contract, SAP is entitled to the reasonable value of its services under the doctrine of quantum meruit (Count II).

B.  <u>The terms of the April 16, 2024 Contracting Document are indefinite</u>

Hickory Farms largely relies on a Contract Packaging Agreement dated April 16, 2024 [Doc 10-1] (the "Contracting Document") to support its Motion to Dismiss. Section 4 of the Contracting Document purports to set SAP's obligations to Hickory Farms, stating in pertinent part: "Supplier shall comply with all product specification, Customer's customer specifications and packing obligations listed on Exhibit D attached hereto and incorporated herein by reference (collectively, the 'Specifications')."

Exhibit D does not provide any clarity on the Specifications. That exhibit only states the following:

**EXHIBIT D**
**Specifications**

[NTD: To list specifications (including any design specs, quantity, packaging directions, delivery timelines, etc.) of all Products.]

Bill of Materials
Customer Specific Requirements
Co-Packer Report
Material Flow
Quality Packet
Quality Images

There is nothing else in the Contracting Document defining Hickory Farm's directions to SAP. There is nothing in the Contracting Document purporting to require SAP to ship the tins in an unstable configuration.

As alleged in the Complaint, "the Contracting Document is not a valid and binding contract because it does not define the specifications for the services SAP was supposed to provide." Complaint ¶ 32.

## II.  QUESTION PRESENTED

Has SAP alleged facts sufficient to state facially plausible claims for breach of contract and, alternatively, quantum meruit?

### III. ARGUMENT

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Vanhoy v. Am. Int'l Indus.*, No. 1:18CV90, 2018 WL 5085712, at *2 (M.D.N.C. Oct. 18, 2018), <u>report and recommendation adopted,</u> No. 1:18CV90, 2018 WL 6731672 (M.D.N.C. Nov. 5, 2018). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id*.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. (quotations omitted).

The allegations in the Complaint set forth plausible claims for breach of contract and, alternatively, for quantum meruit. To that end, the Motion to Dismiss should be denied.

    A. <u>The Complaint states a claim for breach of contract</u>

Every state has basically the same standard to allege a valid contract and breach thereof. Specifically, a Plaintiff must show "(1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration." <u>Osborn ex rel. Osborn v. Kemp</u>, 991 A.2d 1153, 1158 (Del. 2010). If the Court applies North Carolina law, the elements are the same.

The Complaint alleges that SAP told Hickory Farms that it would charge additional fees to meet, among other things, the additional packaging costs created by Hickory Farms' unreasonable design. Complaint ¶ 22. If Hickory Farms refused, SAP would not have advanced the fees and packaging costs on Hickory Farms' behalf because SAP was never agreed to make such advances. *Id*. ¶ 23. Hickory Farms then encouraged SAP's continued work, responding that the parties could settle cost overruns at the end of the holiday season as a "partnership." *Id*. ¶ 24.

These allegations show that the parties intended to be bound by their promises—specifically, SAP agreed to do the things necessary to ship the tins pursuant to Hickory Farms' unstable design, and in exchange, Hickory Farms promised to settle any cost overruns at the end of the season. These promises are supported by consideration. And, the terms are definitive—specifically, the Court can look at SAP's evidence of cost overruns and order Hickory Farms to pay as it agreed.

The Complaint, therefore, alleges a claim for breach of contract, and the Motion to Dismiss should be denied as to Count I.

### B. The Complaint states a cause of action for quantum meruit

In the alternative, if there is no definitive contract between the parties, SAP is still entitled to payment for its services. "In the absence of a valid contract, principles of quantum meruit come into play and can support a recovery under a theory of unjust enrichment." *In re Bremerton Cellular Tel. Co. Litig.*, 328 A.3d 330, 345 (Del. Ch. 2024). "A quantum meruit recovery is a quasi-contract claim that allows a party to recover the reasonable value of his or her services if: (i) the party performed the services with the

expectation that the recipient would pay for them; and (ii) the recipient should have known that the party expected to be paid." *Id.* (quotations omitted). The elements are basically the same under North Carolina law.

The Complaint alleges that, if there is no enforceable contract between the parties, SAP made clear that Hickory Farms' poor design and planning would result in additional charges that would require additional compensation. Complaint ¶ 34. SAP provided the benefit of its services to Hickory Farms. *Id.* ¶ 35. SAP did not act officiously or gratuitously. *Id.* ¶ 36. The benefit SAP provided is measurable, specifically the reasonable value of the services SAP provided to Hickory Farms. *Id.* ¶ 37. Hickory Farms consciously accepted the benefit of SAP's services. *Id.* ¶ 38. Hickory Farms is therefore liable to SAP for the reasonable value of SAP's services under the doctrines of quantum meruit and unjust enrichment. *Id.* ¶ 39.

No other elements of the claim are required, and the Motion to Dismiss should be denied as to Hickory Farms' request for alternative relief under quantum meruit as set forth in Count II.

### C. The Contracting Document does not define SAP's obligations

The real issue is not whether the Complaint adequately alleges the elements to support a claim for breach of contract and quantum meruit—it does. The issue is whether the Contracting Document precludes SAP's right to get paid—it does not because it does not define SAP's obligations.

"As every first year law student learns, one of the central tenets of contract law is that a contract must be reasonably definite in its terms to be enforceable." *Riverside Risk*

*Advisors LLC v. Chao*, No. 2019-0789-KSJM, 2022 WL 14672745, at *22, n. 203 (Del. Ch. Oct. 26, 2022), as corrected (Oct. 28, 2022), judgment entered sub nom. *Riverside Risk Advisors LLC v. Ching Chao* (Del. Ch. 2023), *and aff'd*, 303 A.3d 51 (Del. 2023) (quotations omitted). "A contract must contain all material terms in order to be enforceable. Even if the parties agree to be bound, where they fail to agree on one or more essential terms, there is no binding contract." *Id*. (cleaned up, quotations omitted).

Additionally, subsequent negotiations and conduct inconsistent with a binding agreement "demonstrate[s] that [the parties] did not intend the letter to be the completion of all negotiations." Alatus Aerosystems v. Triumph Aerostructures, LLC, No. CVN20C12038EMDCCLD, 2021 WL 6122106, at *9 (Del. Super. Ct. Dec. 27, 2021) (quotations omitted).

Here, the Contracting Document does not define SAP's obligations in any material way. The Contracting Document states that "Supplier shall comply with all product specification, Customer's customer specifications and packing obligations listed on Exhibit D." Exhibit D to the Contracting Document does not fill the gaps. Rather than adding enforceable detail, Exhibit D again states that SAP will comply with "customer specific requirements."

This does not provide sufficient detail for the Court to enforce. Nobody knew or could have known what Hickory Farms meant by "customer specific requirements" in April 2024. If they did, Hickory Farms would have defined what SAP was supposed to do in the Contracting Document rather than leaving SAP's obligations open to further discussion. Certainly, nothing in the Contracting Document indicates that SAP was

expected to pack and ship the tins in an unsupported tower that would inherently fall in transport.

The subsequent conduct of the Parties, as alleged in the Complaint, also shows that SAP and Hickory Farms had left the specifications (and therefore the contract) for later negotiation. As alleged, once Hickory Farms presented its unreasonable design in August (months after signing the Contracting Document), SAP said that is not going to work. Complaint ¶¶ 14-15. SAP continued that if Hickory Farms wanted SAP to figure out how to save this design with additional wraps and airbags so that the towers did not tip over immediately in transport, Hickory Farms was going to have to pay for the additional costs. *Id*. ¶¶ 15-17.

Because the Contracting Document lacks definitive terms defining SAP's obligations, it is not enforceable, and the Motion to Dismiss should be denied.

## IV. Conclusion

For the foregoing reasons, the Complaint alleges plausible causes of action for breach of contract and, in the alternative, quantum meruit. To that end, the Motion to Dismiss should be denied.

Respectfully submitted, this 8th day of October, 2025.

                                                     */s/ Clint S. Morse*
                                                     Clint S. Morse (NC Bar No. 38384)
                                                     cmorse@brookspierce.com
                                                     *Attorney for Plaintiff*

OF COUNSEL:
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD, LLP
PO Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3167
Fax: (336) 232-9167

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was duly served upon counsel of record for the other parties in this action by electronic means:

This the 8th day of October, 2025.

/s/ Clint S. Morse
Clint S. Morse

10

Case 1:25-cv-00689-TDS-LPA    Document 13    Filed 10/08/25    Page 10 of 10